UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY WALLER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-cv-586 |
| | ) |
| BLAST FITNESS GROUP, LLC, | ) |
| BLAST FITNESS GROUP PERSONAL | ) |
| TRAINING, LLC, | ) |
| BLAST FITNESS ACQUISITION, LLC, | ) |
| BLAST FITNESS JEFFERSON, LLC, | ) |
| WORLD GYM FITNESS & AEROBICS OF | ) |
| WEST HARTFORD, INC., EDGAR A. | ) |
| THOMPSON II, AND ANNETTE MILLER, | ) |
| | ) |
|    Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Blast Fitness Group, LLC ("BFG") and its wholly owned subsidiary, Blast Fitness Acquisition, LLC, hereby remove the state court action entitled *Terry Waller v. Blast Fitness Group, LLC*, et al., Case No. 15SL-CC00629 (filed in the Circuit Court of St. Louis County in the State of Missouri), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### BACKGROUND

1. On or about February 20, 2015, Plaintiff filed a three-count petition asserting claims under the Missouri Human Rights Act ("MHRA") against BFG; Blast Fitness Group Personal Training, LLC; Blast Fitness Acquisition, LLC; Blast Fitness Jefferson, LLC; World Gym Fitness & Aerobics of West Hartford, Inc.; Edgar Thompson; and Annette Miller in the Circuit Court of St. Louis County, Missouri, styled *Terry Waller v. Blast Fitness Group, LLC et al.*, Case No. 15SL-CC00629.

2. In the petition, Plaintiff alleges a claim of sexual harassment against Defendant Edgar Thompson based Mr. Thompson's actions when Plaintiff tried to get a part-time position at Blast Fitness Dorsett, LLC.  Blast Fitness Dorsett, LLC is not Defendant in this case, and this entity is no longer in existence.  Defendant Thompson ceased employment as regional manager for BFG in 2013, and is believed to reside in Florida.  Plaintiff also alleges vicarious liability against BFG.  The claims are alleged under the MHRA (Count I- Sexual Harassment), MHRA (Count II – Hostile Work Environment), and (Count III - negligent infliction of emotional distress).

3. As set forth more fully below, at least three of the entities/individuals named – including the two Missouri defendants – are not proper parties and therefore are not properly considered for purposes of removal, under the doctrine of fraudulent joinder.

4. A copy of the state court file, including Plaintiff's petition ("Pet."), is attached hereto as Exhibit 1.

5. On March 9, 2015, Blast Fitness Acquisition, LLC, and Blast Fitness Jefferson, LLC were served with Plaintiff's petition.  On March 12, 2015, Annette Miller was served with a copy of the Petition.  On March 14, 2015, World Gym Fitness Aerobics of West Hartford, Inc. was served with a copy of the Petition.

6. Apart from service of the petition on these defendants, no further proceedings have occurred in the Circuit Court for St. Louis County, Missouri in this litigation.

7. In sum,  this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and each of the properly named Defendants reside

outside of Missouri. Thus, the action is between citizens of different states such that diversity jurisdiction exists.

## BASIS FOR REMOVAL

**A.     The Amount in Controversy is Satisfied.**

8.     Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between (1) citizens of different states . . . ."

9.     In determining the amount in controversy, the party seeking removal may include punitive damages and statutory attorney fees. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).

10.     In Count I of his Petition, Plaintiff seeks recovery for his sexual harassment claim of damages for alleged lost wages, emotional distress and mental anguish, loss of enjoyment of life, punitive damages, and attorney's fees, "in an amount that is fair and reasonable, but not less than the jurisdictional amount of Twenty-Five Thousand Dollars ($25,000) . . . ." Pet. at ¶¶ 58-60 and Wherefore clause.

11.     In Count II of his Petition, Plaintiff seeks recovery for his hostile work environment claim of damages for alleged lost wages, emotional distress and mental anguish, loss of enjoyment of life, punitive damages, and attorney's fees, "in an amount that is fair and reasonable, but not less than the jurisdictional amount of Twenty-Five Thousand Dollars ($25,000) . . . ." Pet. at ¶¶ 68, 70, 73 and Wherefore clause.

12.     In Count III of his Petition, Plaintiff seeks recovery for his claim of negligent infliction of emotional distress for alleged lost wages, emotional distress and mental anguish, loss of enjoyment of life, punitive damages, and attorney's fees, "in an amount that is fair and

reasonable, but not less than the jurisdictional amount of Twenty-Five Thousand Dollars ($25,000) . . . ." Pet. at ¶¶ 80-81 and Wherefore clause.

13. Given that the potential recovery for the claims alleged by Plaintiff exceeds $75,000.00, the jurisdictional prerequisite is met.

**B. Complete Diversity of Citizenship Exists with the Properly Joined Defendants, and the Fraudulently Joined Missouri Defendants (Annette Miller and Blast Fitness Jefferson, LLC) Cannot Defeat Diversity Jurisdiction.**

14. There is complete diversity between Plaintiff, a citizen of Missouri, and the following named Defendants: BFG, Blast Fitness Group Personal Training, LLC; Blast Fitness Acquisition, World Gym Fitness Aerobics of West Hartford, Inc., and Edgar Thompson.

15. For limited liability companies, this Court examines the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Blast Fitness Group Personal Training, LLC, and Blast Fitness Acquisition, LLC are wholly owned by BFG, and none of the members of BFG are citizens of Missouri.

16. While Plaintiff has named "Blast Fitness Jefferson, LLC" as a defendant, this is not the fitness club at issue in Plaintiff's charge of discrimination or in the Petition. Rather, this is simply another fitness club also owned by Blast Fitness Group, LLC in Missouri. The fitness club detailed in Plaintiff's allegations (Blast Fitness Dorsett, LLC) is no longer in existence.

17. Defendant Edgar Thompson is not a resident of Missouri.

18. While Plaintiff has named "World Gym Fitness & Aerobics of West Hartford, Inc." as a defendant, there are no specific allegations directed to this defendant in the Petition, nor was it named or otherwise referenced in the EEOC charge filed by the Plaintiff. *See* Pet. at

Exh. 1. More importantly, this entity has no relationship with BFG, and it is not clear why the entity was named by Plaintiff.

19. Based upon Plaintiff's allegations in the petition, Annette Miller did not have any involvement in the alleged harassing conduct at issue. The Missouri Human Rights Act defines an employer to include "any person employing six or more persons within the state, and any person directly acting in the interest of an employer . . . ." Mo. Rev. Stat. §213.010(7). Thus, the MHRA applies to the corporate employer and any person acting in the employer's interest, including supervisors. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. banc 2009). However, such liability only applies where the supervisors "directly oversaw or were actively involved in the discriminatory conduct." *Reed v. McDonald's Corp.*, 363 S.W.3d 134, 139 (Mo. Ct. App. 2012) (citations omitted). Because Ms. Miller is not alleged to have overseen or been actively involved in the allegations of unlawful sexual harassment, there is no basis for the claim against her.

20. Further belying any contention that Plaintiff's claim against Ms. Miller has any reasonable basis in law or fact, Ms. Miller was not named as a respondent in the EEOC charge filed by the plaintiff, and the only reference to her in the charge was Plaintiff's assertion that she "copied my information" [such as Plaintiff's identification]. *See* Pet. at Exh. 1. This is not a basis in fact or law for including Ms. Miller as a defendant.

21. Similarly, Blast Fitness Jefferson, LLC is not the corporate employer. Rather, it is an unrelated, wholly-owned subsidiary of BFG. Therefore, there is no basis in fact or law for including this entity as a defendant.

22. "[T]he right of an out-of-state defendant to remove a diversity suit to federal court 'cannot be defeated by a fraudulent joinder of a resident defendant.'" *Simpson v. Thomure*, 484

F.3d 1081, 1083 (8th Cir. 2007), quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

23. Fraudulent joinder exists where the "claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011), quoting *Filla v. Norfolk S. Sy. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).

24. Other than the fraudulently joined Missouri defendants – Annette Miller and Blast Fitness Jefferson, LLC - no other defendant is a citizen of Missouri, the state in which this action is brought. Accordingly, the citizenship of all parties is diverse, as required for diversity jurisdiction under 28 U.S.C. § 1332. Thus, this matter is removal is permissible under 28 U.S.C. § 1441(b).

### C. Defendants Have Satisfied the Procedural Requirements for Removal.

25. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

26. The United States District Court for the Eastern District of Missouri includes St. Louis County, Missouri, where the state court case is now pending. Therefore, this action is properly removed to the Eastern District of Missouri pursuant to 28 U.S.C. § 1441(a).

27. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the clerk of the Circuit Court for St. Louis County, Missouri, and will serve a copy of this notice on all parties to this action.

28. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff including, without limitation, all defenses under Fed. R. Civ. Pro. 12(b).

**WHEREFORE**, Defendants remove the instant action from the Circuit Court of St. Louis County, Missouri to this United States District Court for the Eastern District of Missouri.

Respectfully submitted,

*/s/ Jessica L. Liss*

Jessica L. Liss   #51331MO
Carrie L. Kinsella #65469MO
JACKSON LEWIS P.C.
Attorneys for Defendants
7733 Forsyth Blvd., Suite 600
St. Louis, Missouri 63105
(314) 827-3939
(314) 827-3940 (Fax)
jessica.liss@jacksonlewis.com
carrie.kinsella@jacksonlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via U.S. Mail, postage pre-paid, this 6th day of April, 2015, upon the following:

Gretchen Myers
222 S. Central Avenue, Suite 675
St. Louis, MO 63105
Counsel for Plaintiff


*/s/ Jessica L. Liss*

4846-5829-3794, v.  6