### NATIONAL REGISTERED AGENTS, INC.

#### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: THOMAS MORAN
BLAST FITNESS GROUP HARLEM CORNERS LLC
2000 Commonwealth Ave Ste 4
Auburndale, MA 02466-2004

SOP Transmittal # 526708240

314-863-5545 - Telephone

Entity Served: BLAST FITNESS ACQUISITION LLC (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of MISSOURI on this 09 day of March, 2015. The following is a summary of the document(s) received:

1. **Title of Action:** Terry Waller, Pltf./Petitioner vs. Blast Fitness Group, LLC, et al. including Blast Fitness Acquisition, LLC, Dfts.

2. **Document(s) Served:** PETITION,SUMMONS
Other: Notice, Certificate of Service, Request, Interrogatories, Compact Disk

3. **Court of Jurisdiction/Case Number:** St. Louis City County Circuit Court, MO
Case # 15SLCC00629

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

_X_ Personally served by:          _X_ Process Server          ___ Deputy Sheriff          ___ U. S Marshall

___ Delivered Via:          ___ Certified Mail          ___ Regular Mail          ___ Facsimile

___ Other (Explain):

6. **Date and Time of Receipt:** 03/09/2015 10:27:00 AM CST

7. **Appearance/Answer Date:** Within 30 days after service, exclusive of the day of service

8. **Received From:** Gretchen Godar Myers
The Law Offices of Gretchen Myers, P.C.
Suite 675
222 South Central
St. Louis, MO 63105
314-621-5454

9. **Federal Express Airbill #** 780318437807

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day

**NATIONAL REGISTERED AGENTS, INC.**          **CopiesTo:**

Transmitted by Meghan Saffell

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action

ORIGINAL





## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BARBARA W WALLACE | Case Number: 15SL-CC00629 | |
|---|---|---|
| Plaintiff/Petitioner:<br>TERRY WALLER | Plaintiff's/Petitioner's Attorney/Address<br>GRETCHEN GODAR MYERS<br>SUITE 675<br>222 SOUTH CENTRAL<br>ST. LOUIS, MO  63105 | **SHERIFF FEE<br>PAID** |
| vs. | | |
| Defendant/Respondent:<br>BLAST FITNESS GROUP, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

### Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: | BLAST FITNESS ACQUISITION, LLC<br>Alias: |
| **120 S CENTRAL AVE<br>ST LOUIS, MO 63105** | **SERVE REGISTERED AGENT<br>NATIONAL REGISTERED AGENTS INC** |

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

24-FEB-2015
Date

_____
Clerk

Further Information:
TLC

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

**(Seal)**

My commission expires: _____          _____
                                          Date                                          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 15-SMCC-1458**    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* Document ID# 15-SMCC-1458    2    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only: Document ID# 15-SMCC-1458*    3    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**15SL-CC00629**

Electronically Filed - St Louis County - February 20, 2015 - 10:57 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

TERRY WALLER ............................................. )
............................................................................ )
............................................................................ )
.................................. Plaintiff, .......................... )
............................................................................ )
vs. ....................................................................... )    Cause No.
............................................................................ )
BLAST FITNESS GROUP, LLC ........................ )    Division
Serve: .. Legalinc Corporate Services, Inc. ........ )
.............. Registered Agent ................................. )
.............. 945 Concord Street ............................. )    JURY TRIAL DEMANDED
.............. Framingham, MA 01701 ..................... )
............................................................................ )
and ..................................................................... )
............................................................................ )
BLAST FITNESS GROUP PERSONAL ............. )
TRAINING, LLC ................................................. )
Serve: .. Legalinc Corporate Services, Inc. ........ )
.............. Registered Agent ................................. )
.............. 945 Concord Street ............................. )
.............. Framingham, MA 01701 ..................... )
............................................................................ )
and ..................................................................... )
............................................................................ )
BLAST FITNESS ACQUISITION, LLC ............. )
Serve: .. National Registered Agents, Inc. .......... )
.............. Registered Agent ................................. )
.............. 120 S. Central Ave. ............................. )
.............. St. Louis, MO 63105 .......................... )
............................................................................ )
and ..................................................................... )
............................................................................ )
BLAST FITNESS JEFFERSON, LLC ................ )
Serve: .. National Registered Agents, Inc. .......... )
.............. Registered Agent ................................. )
.............. 120 S. Central Ave. ............................. )
.............. St. Louis, MO 63105 .......................... )
............................................................................ )
and ..................................................................... )
............................................................................ )
WOLD GYM FITNESS & AEROBICS OF ......... )
WEST HARTFORD, INC. f/k/a .......................... )
WOW-WORK OUT WORLD, INC. ..................... )
Serve: .. John J. Mezzanotte .............................. )
.............. Registered Agent ................................. )
.............. 350 Center Place ................................ )
.............. Wallingford, CT 06419 ....................... )

Electronically Filed - St. Louis County - February 20, 2015 - 10:57 AM

and                                                      )
                                                         )
EDGAR A. THOMPSON II                                     )
Serve:    Edgar A.  Thompson II                          )
          3232 Peachtree Road NW, #A                     )
          Atlanta, GA 30305                              )
                                                         )
and                                                      )
                                                         )
ANNETTE MILLER                                           )
Serve:    9681 Vickie Place                              )
          St. Louis, MO 63136                            )
                                                         )
                              Defendants.                )

### PETITION

Comes now, Plaintiff Terry Waller, by and through his undersigned counsel and for his Petition against

Defendants Blast Fitness Group, LLC, Blast Fitness Personal Training Group, LLC, Blast Fitness Acquisition, LLC,

Blast Fitness Jefferson, LLC, World Gym Fitness & Aerobics of West Hartford, Inc., Edgar Thompson II, and Annette

Miller states as follows:

### FACTS

1.      Plaintiff, being an adult male over the age of eighteen, brings this action in part, under the Missouri

Human Rights Act, Section 213.010 et seq. R.S.Mo. 1998, as amended ("MHRA").

2.      Plaintiff applied for employment with Defendants originally in 2012.

3.      Upon information and belief, Plaintiff was hired on or about February 14, 2013 by Defendants Blast

Fitness Group, LLC and/or, Blast Fitness Group Personal Training, LLC and/or, Blast Fitness Acquisition, LLC

and/or, Blast Fitness Jefferson, LLC and/or, World Gym Fitness & Aerobics of West Hartford, Inc. f/k/a Wow-Work

Out World, Inc. at their property located at 12703 Dorsett Road, Maryland Heights, Missouri 63043 in the County of

St. Louis, Missouri, where all unlawful employment practices complained of herein were committed.

4.      Alternatively, Plaintiff was in the process of being hired and applied to work for Defendants Blast

Fitness Group, LLC and/or, Blast Fitness Group Personal Training, LLC and/or, Blast Fitness Acquisition, LLC

and/or, Blast Fitness Jefferson, LLC and/or, World Gym Fitness & Aerobics of West Hartford, Inc. f/k/a Wow-Work

2

Electronically Filed - St. Louis County - February 20, 2015 - 10:57 AM

Out World, Inc. at their property located at 12703 Dorsett Road, Maryland Heights, Missouri 63043 in the County of St. Louis, Missouri, where all unlawful employment practices complained of herein were committed.

5.      All unlawful employment practices were committed within the County of St. Louis, Missouri; therefore, jurisdiction and venue are proper in this court pursuant to Section 213.111 R.S.Mo.

6.      Upon information and belief, at all times relevant herein, Defendant Blast Fitness Group, LLC (hereinafter "Blast Fitness Group"), is a Massachusetts limited liability company in good standing with the ability to sue and to be sued; its principle place of business is 452 Lexington St., Auburndale, Massachusetts 02466. Its registered agent is Legalinc Corporate Services, Inc., whose office for service of process is located at 945 Concord Street, Framingham, Massachusetts, in Middlesex County, Massachusetts. Blast Fitness Group owns and operates health club facilities under the trade name Blast Fitness, as well as facilities under the franchised trade name, WOW! Work Out World!.

7.      Upon information and belief, at all times relevant herein, Defendant Blast Fitness Group Personal Training, LLC (hereinafter "Blast Personal Training"), is a Massachusetts limited liability company in good standing with the ability to sue and to be sued; its principle place of business is 287 Auburn Street, Auburndale, Massachusetts 02466. Its registered agent is Legalinc Corporate Services Inc., whose office for service of process is located at 945 Concord Street, Framingham, MA 02466, in Middlesex County, Massachusetts.

8.      Upon information and belief, at all times relevant herein, Defendant Blast Fitness Acquisition, LLC (hereinafter "Blast Acquisition"), is a Delaware limited liability company in good standing with the ability to sue and to be sued, doing business in the State of Missouri as a foreign limited liability company; its principle place of business is 452 Lexington St., Auburndale, Massachusetts 02466. Its registered agent is National Registered Agents, whose office for service of process is located at 120 South Central Avenue, Clayton, Missouri 63105, in St. Louis County, Missouri.

9.      Upon information and belief, at all times relevant herein, Defendant Blast Fitness Jefferson, LLC (hereinafter "Blast Jefferson"), is a Missouri limited liability company in good standing with the ability to sue and to be sued. Its registered agent is National Registered Agents, Inc., whose office for service of process is located at 120 South Central Avenue, Clayton, Missouri, in St. Louis County, Missouri.

3

Electronically Filed - St Louis County - February 20, 2015 - 10:57 AM

10.     Upon information and belief, at all times relevant herein, Defendant World Gym Fitness & Aerobics of West Hartford, Inc. f/k/a WOW-Work Out World, Inc. (hereinafter "WOW"), is a Connecticut corporation in good standing with the ability to sue and to be sued; its principle place of business is 99 Shield Street West, Hartford, Connecticut 06110.  Its registered agent is John J. Mezzanotte, whose office for service of process is located at 350 Center Place, Wallingford, CT 06492, in New Haven County, Connecticut.  WOW! Work Out World! Is a franchised trade name owned and operated by Defendant Blast Fitness Group.

11.     Upon information and belief, at all times relevant herein, Defendants Blast Fitness Group, Blast Personal Training, Blast Acquisition, Blast Jefferson, and WOW were doing business jointly and in concert with each other as "Blast Fitness," which is a health club facility located at 12703 Dorsett Road, Maryland Heights, Missouri 63043 in the County of St. Louis, Missouri, and the unlawful employment acts took place on those premises.

12.     Upon information and belief, Defendants Blast Fitness Group, Blast Personal Training, Blast Acquisition, Blast Jefferson, and WOW are wholly owned divisions and/or subsidiaries of Defendants Blast Fitness Group, LLC and/or Blast Fitness Acquisition, LLC.  (Corporate defendants hereinafter will be collectively referred to as "Blast Fitness")

13.     At all times relevant herein, Defendant Edgar A. Thompson II (hereinafter "Thompson") was an adult male and was acting as the Regional Manager, and was an agent, servant and/or employee of Defendant Blast Fitness and was acting within his agency, servancy, and/or employment with them.

14.     At all times relevant herein, Defendant Annette Miller (hereinafter "Miller") was acting as the General Manager, and was an agent, servant and/or employee of Defendant Blast Fitness and was acting within her agency, servancy, and/or employment with them.

15.     At all times relevant herein, Defendant Blast Fitness was acting by and through their agents, servants and/or employees.

16.     The unlawful employment practices were committed within the state of Missouri.

17.     At all times relevant herein, Blast Fitness was an employer within the meaning of the "MHRA" and hired Plaintiff.

Electronically Filed - St Louis County - February 20, 2015 - 10:57 AM

18.     Alternatively, at all times herein relevant, Blast Fitness was an employer within the meaning of the "MHRA" and was in the process of hiring Plaintiff.

19.     Plaintiff signed a gym membership with Defendants on or about February 10th or 11th, 2013, when he was asked by the general manager if he still wanted a job pursuant to his employment application completed in 2012.

20.     Plaintiff interviewed for the position on or about February 12, 2013 with Defendants, at which time Defendant Thompson, slid Plaintiff his phone number on a piece of paper at the end of the interview and said, "call me." Plaintiff was offered the job by Defendant Thompson on the spot.

21.     On or about February 13, 2014, Defendant Thompson called Plaintiff telling him to bring his paperwork in, which Plaintiff did immediately.

22.     On or about February 16, 2013, Plaintiff was in the locker room prior to his workout when Defendant Thompson approached Plaintiff and asked when they were going to work out together and repeatedly asked Plaintiff to text him to get together.

23.     After not hearing about his "start date," on February 21, 2013, Plaintiff texted Defendant Thompson to try to get a start date for his employment with Defendants.

24.     Defendant Thompson texted Plaintiff, "What else you get into?" "For fun and pleasure." "The day you applied was my first day seeing you there." "What yo sexy ass doing?"

25.     Defendant Thompson also requested Plaintiff send him a picture via text for his contacts, and then replied via text, "Dats cool but blurry.  Show them tats off. Lol" "Send me a better pic. I don't like that one. Lol," "So no new ones of the new buffed body?," "You need a photoshoot," "I love taking pics. Im vain and want everyone to see.Lol."

26.     Plaintiff told Defendant Thompson via text that he needed a job.

27.     Defendant Thompson replied via text, "You gotta use what you got to get what you want." "What you willing to do to make your money?" "Do something strange for some change.  So me how bad you want it." "Lol u think im playing" "You'll figure it out, maybe."

28.     Defendant Thompson also stated via text, "Yea. You take care of me and i look out for you."

Electronically Filed - St Louis County - February 20, 2015 - 10:57 AM

29.     When Plaintiff asked Defendant Thompson if the manager was in charge of hiring, Defendant Thompson replied via text, "I made her hire you.  She wasn't going to.  You put in applications in the past and never got hired till i pushed it thru.  I have the final word on all new hires and terminations. So now what?"  "Remember Annette works for me. She can't add you in the system only I can. Get on my level."

30.     Defendant Thompson went on asking "What you willing to do?" "We'll see how hip you are. We'll see when you will start working."

31.     Plaintiff asked Defendant Thompson via text what was it that he wanted him to do, that he needed to start "pronto" because he had bills to pay.

32.     Defendant Thompson replied via text, "Don't wanna say over text but come chill wit me this weekend." "Cuz that how i handle bizness, on the low.  U feel me.  What we talk about is between us. Cool?"

33.     Plaintiff ended text communications after that text received from Defendant Thompson.

34.     On February 22, 2014, Plaintiff was at Blast Fitness when Defendant Thompson propositioned him in return for employment and/or continued employment, indicating that if Plaintiff gave Defendant Thompson a blowjob, Plaintiff would get a start date.

35.     Defendant Thompson asked Plaintiff "how bad you want the job" and "you fuck around with dudes?" "You know what I'm talking about. Nigga swab on you, getting swabbed on, stuff like that."  Defendant went on to explain what he meant.

36.     Plaintiff asked Defendant Thompson, "you saying I'm on after that."

37.     Defendant Thompson replied, "there aint nobody going to see it.  I said you could come to the house.... trying to tell you in so many words without just flat out saying it.  I think you figured it out though.  You just wanted me to say it so you don't jump to no assumptions... one time thing unless you like it and want to keep on... tell me what your needs are...just having a job part time won't get you nothing"

38.     Upon learning what Defendant Thompson was requiring of him in order to secure/retain/or start employment, Plaintiff rejected Defendant Thompson's proposition.  Defendants' actions left Plaintiff with no recourse other than to terminate his employment and he was therefore constructively discharged.

Electronically Filed - St Louis County - February 20, 2015 - 10:57 AM

39.      On February 27, 2013, Plaintiff filed a timely charge of discrimination against Defendants claiming sexual harassment and retaliation with the Missouri Commission on Human Rights (MCHR) and the United States Equal Employment Opportunity Commission.  (See attached Exhibit 1)

40.      On or about January 9, 2015, the Equal Employment Opportunity Commission issued to Plaintiff a "Notice of Right to Sue" for charge number 560-2013-00958. (See attached Exhibit 2) On or about February 3, 2015, the Missouri Commission on Human Rights issued to Plaintiff a "Notice of Right to Sue" in agency charge number 560-2013-00958.  (See attached Exhibit 3)

41.      Plaintiff's Petition has been filed within ninety (90) days of the date of the Notice and within two years from the last act of sexual harassment.

42.      Throughout the course of Defendant Thompson's interaction with Plaintiff, Defendant Thompson was employed as Defendant Blast Fitness's Regional Manager; was acting as its agent, servant or employee within the scope of that employment; and was Plaintiff's superior with the authority to hire, fire or discipline Plaintiff.

43.      Throughout the course of Defendant Miller's interaction with Plaintiff, Defendant Miller was employed as Defendant Blast Fitness's General Manager; was acting as its agent, servant or employee within the scope of that employment; and was Plaintiff's superior with the authority to hire, fire or discipline Plaintiff.

### COUNT I – SEXUAL HARRASSMENT IN VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT

COMES NOW Plaintiff Terry Waller, and for Count I of his Petition against all Defendants, states as follows:

44.      Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 43 of this Petition as if said allegations were fully set forth herein.

45.      Venue in this court is proper pursuant to Mo. Rev. Stat. § 508.101(2) and (6), and Mo. Rev. Stat. § 213.111.1.

46.      The unwelcome and offensive remarks and conduct to which Plaintiff was subjected to were based upon Plaintiff's sex, and were sufficiently severe and pervasive so as to alter the terms and conditions of Plaintiff's employment and create a hostile or abusive work environment, in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055.

Electronically Filed - St Louis County - February 20, 2015 - 10:57 AM

47.     The above unwelcome remarks and conduct constituted sexual harassment against Plaintiff.

48.     The above unwelcome remarks constituted quid pro quo sexual harassment in that Plaintiff's job, start date, and/or continued employment was conditioned upon Plaintiff performance of sexual acts on and/or acceptance of Defendant Thompson's sexual advances or conduct.

49.     Defendants Blast Fitness, Thompson and Miller failed to prevent and/or stop the sexual harassment of Plaintiff.

50.     On February 27, 2013, Plaintiff filed a timely charge of discrimination against Defendants claiming sexual harassment and retaliation with the Missouri Commission on Human Rights (MCHR) and the United States Equal Employment Opportunity Commission.

51.     On or about January 9, 2015, the Equal Employment Opportunity Commission issued to Plaintiff a "Notice of Right to Sue" for charge number 560-2013-00958.  On or about February 3, the Missouri Commission on Human Rights issued to Plaintiff a "Notice of Right to Sue" in agency charge number 560-2013-00958.

52.     Plaintiff's Petition has been filed within ninety (90) days of the date of the Notice and within two years from the last act of sexual harassment.

53.     As a result of Defendants' conduct, Plaintiff has been constructively discharged and/or denied employment and has sustained lost wages and benefits of employment.

54.     As a result of Defendants' actions as set forth above, and Defendants' failure to prevent and stop the sexual harassment of Plaintiff, Plaintiff suffered emotional distress.

55.     As a result of Defendants' actions and failure to take prompt and effective corrective action, Plaintiff has incurred and will continue to incur attorneys' fees and costs of litigation.

56.     Defendants' conduct (the specifics of which have been enumerated herein) was outrageous because of Defendants' evil motive or reckless indifference to the rights of others, and therefore, an award of punitive damages against Defendants is appropriate.

57.     The actions of Defendants were malicious, outrageous, calculated toward Plaintiff, or were taken in reckless disregard of Plaintiff's statutory rights, and as such constitute violation of the MHRA.

Electronically Filed - St Louis County - February 20, 2015 - 10:57 AM

58.     As a direct and proximate cause of Defendants' actions and/or failure to act, Plaintiff has suffered substantial actual damages, including but not limited to:  past and future lost wages, income and benefits, emotional distress, mental anguish, harm to reputation and loss of enjoyment of life.  Plaintiff suffers and will continue to suffer great emotional pain and mental anguish, which caused an inability to carry on regular life activities, plus other pecuniary and non-pecuniary actual damages.  Plaintiff was and will be greatly impaired and diminished by his injuries, which are permanent, progressive and will continue in the future.  Plaintiff has suffered and will continue to suffer into the future in all respects enumerated above.

59.     As a direct result of such conduct, plaintiff sustained damages in an amount to be proven at trial and will incur attorneys fees and costs in connection with this matter.

60.     As a result of the above stated acts of Defendants, Plaintiff is entitled to punitive damages in such amount as the jury deems fair, reasonable and sufficient to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays judgment against Defendants, in an amount that is fair and reasonable, but not less than the jurisdictional amount of Twenty-Five Thousand Dollars ($25,000.00), plus punitive damages, together with his costs expended herein, reasonable attorney's fees and expenses, and for such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT II – Hostile Work Environment

COMES NOW Plaintiff Terry Waller, and for Count II of his Petition against all Defendants, states as follows:

61.     Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 60 of this Petition as if said allegations were fully set forth herein.

62.     During Plaintiff's employment, Plaintiff was subjected to unwelcome harassment.

63.     Plaintiff's sex was a contributing factor in such harassment.

64.     Defendants, by their actions and failure to act, discriminated against Plaintiff on the basis of his sex by maintaining an offensive work environment hostile to Plaintiff, and by failing to effectively remedy this hostile work environment.  Such actions by Defendants constituted harassment and created a hostile work environment.

Electronically Filed - St Louis County - February 20, 2015 - 10:57 AM

65.     Defendants' harassment affected a term, condition or privilege of Plaintiff's employment.

66.     As a direct and proximate cause of Defendants' discrimination and harassment, Plaintiff was effectively terminated as a result of his refusal to accept Defendant Thompson's proposition, and/or he was denied employment or work hours as a result of his refusal accept Defendant Thompson's proposition.

67.     Defendants knew or should have known of the harassment and failed to respond with appropriate remedial action.

68.     As a direct and proximate cause of Defendants' actions and/or failure to act, Plaintiff has suffered substantial actual damages, including but not limited to: past and future lost wages, income and benefits, emotional distress, mental anguish, physical health; harm to reputation and loss of enjoyment of life. Plaintiff suffers and will continue to suffer great emotional pain and mental anguish, which caused an inability to carry on regular life activities, plus other pecuniary and non-pecuniary actual damages. Plaintiff was and will be greatly impaired and diminished by his injuries, which are permanent, progressive and will continue in the future.

69.     As a direct and proximate cause of Defendants acts or omissions, Plaintiff received discriminatory, harassing and disparate treatment by Defendants by their failure to provide him with employment hours and/or failing to follow its own policies and procedures and/or by effectively terminating him after he rejected Defendant Thompson's proposition, forcing him to seek new employment and causing him a loss of income and other injuries and damages as previously set forth.

70.     As a direct result of such conduct, plaintiff sustained damages in an amount to be proven at trial and will incur attorneys fees and costs in connection with this matter.

71.     The actions of Defendants were malicious, outrageous, calculated toward Plaintiff, or were taken in reckless disregard of Plaintiff's statutory rights, and as such constitute violation of the MHRA and were punitive in nature.

72.     Defendants' conduct as described herein was willful, wanton, malicious and undertaken with evil motive or reckless disregard for Plaintiff's rights.

73.     Plaintiff is entitled to punitive damages in such amount as the jury deems fair, reasonable and sufficient to punish Defendants and to deter Defendants and others from like conduct.

10

Electronically Filed - St Louis County - February 20, 2015 - 10:57 AM

WHEREFORE, Plaintiff prays judgment against Defendants, in an amount that is fair and reasonable, but not less than the jurisdictional amount of Twenty-Five Thousand Dollars ($25,000.00), plus punitive damages, together with his costs expended herein, reasonable attorney's fees and expenses, and for such other and further relief as this Honorable Court deems just and proper under the circumstances.

<u>**Count III – Negligent Infliction of Emotional Distress Against Defendant Edgar Thompson**</u>

COMES NOW Plaintiff Terry Waller, and for Count III of his Petition against Defendant Thompson, states as follows:

74.     Plaintiff realleges, adopts and incorporates by reference herein each and every allegation set forth above in Paragraphs 1 through 73 of Plaintiff's Petition as though fully set forth herein.

75.     Defendant Thompson should have realized that his conduct involved an unreasonable risk of causing distress.

76.     Plaintiff's emotional distress is medically diagnosable and sufficiently severe as to be medically significant.

77.     Defendant Thompson was acting within the course and scope of his employment while he engaged in the conduct causing Plaintiff emotional distress.

78.     Plaintiff sought treatment for emotional distress.

79.     Defendant's conduct as described herein was willful, wanton, malicious and undertaken with evil motive or reckless disregard for Plaintiff's rights.

80.     As a direct and proximate cause of Defendant's actions and/or failure to act, Plaintiff has suffered substantial actual damages, including but not limited to: past and future lost wages, income and benefits, emotional distress, mental anguish; harm to reputation and loss of enjoyment of life. Plaintiff suffers and will continue to suffer great emotional pain and mental anguish, which caused an inability to carry on regular life activities, plus other pecuniary and non pecuniary actual damages. Plaintiff was and will be greatly impaired and diminished by his injuries, which are permanent, progressive and will continue in the future.

81.     Plaintiff is entitled to punitive damages in such amount as the jury deems fair, reasonable and sufficient to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays judgment against Defendant, in an amount that is fair and reasonable, but not less than the jurisdictional amount of Twenty-Five Thousand Dollars ($25,000.00), plus punitive damages, together with his costs expended herein, reasonable attorney's fees and expenses, and for such other and further relief as this Honorable Court deems just and proper under the circumstances.

The Law Offices of Gretchen Myers, P.C.

/s/ Gretchen Myers
Gretchen Myers, #32219
222 S. Central Avenue, Ste. 675
St. Louis, MO 63105
(314) 621-5454
(314) 621-2868 (Fax)
Attorney for Plaintiff

Electronically Filed - St Louis County - February 20, 2015 - 10:57 AM

**15SL-CC00629**

Electronically Filed - St Louis County - February 20, 2015 - 10:57 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| TERRY WALLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| BLAST FITNESS GROUP, LLC | ) | Division |
| Serve:   Legalinc Corporate Services, Inc. | ) | |
| Registered Agent | ) | JURY TRIAL DEMANDED |
| 945 Concord Street | ) | |
| Framingham, MA 01701 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BLAST FITNESS GROUP PERSONAL | ) | |
| TRAINING, LLC | ) | |
| Serve:   Legalinc Corporate Services, Inc. | ) | |
| Registered Agent | ) | |
| 945 Concord Street | ) | |
| Framingham, MA 01701 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BLAST FITNESS ACQUISITION, LLC | ) | |
| Serve:   National Registered Agents, Inc. | ) | |
| Registered Agent | ) | |
| 120 S. Central Ave. | ) | |
| St. Louis, MO 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BLAST FITNESS JEFFERSON, LLC | ) | |
| Serve:   National Registered Agents, Inc. | ) | |
| Registered Agent | ) | |
| 120 S. Central Ave. | ) | |
| St. Louis, MO 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WOLD GYM FITNESS & AEROBICS OF | ) | |
| WEST HARTFORD, INC. f/k/a | ) | |
| WOW-WORK OUT WORLD, INC. | ) | |
| Serve:   John J. Mezzanotte | ) | |
| Registered Agent | ) | |
| 350 Center Place | ) | |
| Wallingford, CT 06419 | ) | |
| | ) | |

Electronically Filed - St. Louis County - February 20, 2015 - 10:57 AM

and                                      )
                                         )
EDGAR A. THOMPSON II                     )
Serve:    Edgar A.  Thompson II          )
          3232 Peachtree Road NW, #A     )
          Atlanta, GA 30305              )
                                         )
and                                      )
                                         )
ANNETTE MILLER                           )
Serve:    9681 Vickie Place              )
          St. Louis, MO 63136            )
                                         )
                    Defendants.          )
                                         )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing, including copies of these discovery documents on a CD-RW in Microsoft Word format, was included for service with the Plaintiff's Petition to be served on the Defendant this 20th day of February, 2015:

1.  **PLAINTIFF'S INTERROGATORIES TO ALL DEFENDANTS; and**

2.  **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS.**

LAW OFFICES OF GRETCHEN MYERS, P.C.

/s/ Gretchen Myers
Gretchen Myers, MO Bar No. 32219
222 S. Central Ave., Suite 675
St. Louis, MO 63105
(314) 621-5454
(314) 621-2868 fax
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served with a CD-Rom of discovery documents in Microsoft Word format and a copy of the Petition, this 20th day of February, 2015, to Legalinc Corporate Services, Inc., registered agent for Blast Fitness Group, LLC and Blast Fitness Group Personal Training, LLC, National Registered Agents, Inc., registered agent for Blast Fitness Acquisition, LLC and Blast Fitness Jefferson, LLC, John J. Mezzanotte, registered agent for World Fitness & Aerobics of West Hartford, Inc., Edgar Thompson and Annette Miller.

/s/ Gretchen Myers

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

TERRY WALLER

              Plaintiff,

vs.

BLAST FITNESS GROUP, LLC
Serve:   Legalinc Corporate Services, Inc.
          Registered Agent
          945 Concord Street
          Framingham, MA 01701

and

BLAST FITNESS GROUP PERSONAL
TRAINING, LLC
Serve:   Legalinc Corporate Services, Inc.
          Registered Agent
          945 Concord Street
          Framingham, MA 01701

and

BLAST FITNESS ACQUISITION, LLC
Serve:   National Registered Agents, Inc.
          Registered Agent
          120 S. Central Ave.
          St. Louis, MO 63105

and

BLAST FITNESS JEFFERSON, LLC
Serve:   National Registered Agents, Inc.
          Registered Agent
          120 S. Central Ave.
          St. Louis, MO 63105

and

WOLD GYM FITNESS & AEROBICS OF
WEST HARTFORD, INC. f/k/a
WOW-WORK OUT WORLD, INC.
Serve:   John J. Mezzanotte
          Registered Agent
          350 Center Place
          Wallingford, CT 06419

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Cause No.

Division

JURY TRIAL DEMANDED

and                                                 )
                                                    )
EDGAR A. THOMPSON II                                )
Serve:    Edgar A. Thompson II                      )
          3232 Peachtree Road NW, #A                )
          Atlanta, GA 30305                         )
                                                    )
and                                                 )
                                                    )
ANNETTE MILLER                                      )
Serve:    9681 Vickie Place                         )
          St. Louis, MO 63136                       )
                                                    )
                Defendants.                         )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

COMES NOW Plaintiff, Terry Waller, by and through undersigned counsel, and in accordance with Rule 58.01 of the Missouri Rules of Civil Procedure, requests all Defendants produce the following documents:

1.       If you claim you have been sued using an incorrect corporation name, please produce a copy of all corporation documents, including certificates of good standing and articles of incorporation evidencing the correct corporate entity.

2.       All documents evidencing any licenses, certificates, or permits that Defendants hold.

3.       Please produce documents reflecting Defendant's corporate structure and/or organization during the period covered in the Petition, including organizational charts.

4.       Please produce a copy of Defendant's employee manual, personnel manual, and/or policy and procedure manual relating to employment, which was in effect at the time Plaintiff was hired.

5.       Please produce a copy of any written policy of Defendant's regarding race and sex discrimination or harassment.

6.       Documents describing pension or retirement plan, health insurance, dental insurance, life insurance, savings plan, accumulation of vacation and sick leave, and other benefits available to employees at the time of Plaintiff's employment.

7.       Any and all documents including but not limited to Personnel handbooks, which explains personnel policies, procedures, and benefits.

8.       Please produce all documents, including but not limited to guidelines and training materials, relating to the manner in which investigations into allegations of harassment are made.

9.       Please produce all documents concerning which might indicate Plaintiff's awareness of any sexual harassment or discrimination policy, including any proof Plaintiff received a copy of such written policy or such training. Please identify the author of each document.

10.      Please produce a copy of any file regarding the Plaintiff and maintained by the Defendant at the time of his employment.

11.      Please produce any and all written communications, including notes, memos, outlines, Notices of Employee Discipline, reprimands, instructions, etc. on Plaintiff and/or given to him, and/or between him and any employee, agent, client or servant of Defendant.

12.      Please produce a copy of all wage, salary and/or benefit information pertaining to Plaintiff's employment with your company.

13.      All documents relating to Defendants decision to hire Plaintiff.

14.      All documents of any kind or character, including all records, notes, memoranda, notes of oral communication, or any other written matter, which relate to Plaintiff but are not included in Plaintiff's personnel file,

2

15.      Please produce any and all written communications, including notes, memos, outlines, Notices of Employee Discipline, reprimands, instructions, etc. on Plaintiff and/or given to him, and/or between him and any employee, agent or servant of Defendant.

16.      All diaries, journals, logs, or other recordings of events regarding Plaintiff from 2012 to the time the Petition was served on Defendant.

17.      All documents you have filled out, completed, and/or signed that were provided to the Equal Employment Opportunity Commission and/or Missouri Commission on Human Rights in connection with Plaintiff's charge against Defendant(s).

18.      Any and all documents reflecting, reviewing or relating to factual determinations made by Defendant with respect to Plaintiff's complaint of harassment.

19.      Please provide copies of all documents that reflect, refer or relate to any investigation made by Defendant of Plaintiff's complaint of harassment.  Also produce each document memorializing any investigation made by Defendant in response to Plaintiff's complaints of harassment, including but not limited to any documents created as a result of Plaintiff's complaints to management regarding the harassment, any documents concerning discipline of any alleged harasser or employee who engaged in harassment.  Identify the author of each such document.

20.      Please identify and produce each document concerning Defendant's awareness of Plaintiff's allegations of harassment by Defendant Thompson.

21.      Please produce all documents concerning any "litigation hold" documents created in connection with Plaintiffs' claims, including but not limited to any correspondence, memorandum, email or other documents that direct Defendant's employees to maintain files that might concern any of the allegations made by Plaintiff that are the subject of this lawsuit.

22.      Please produce all documents gathered in connection with any investigation conducted in connection with Plaintiff's claims.

23.      Please produce each document concerning Defendants' awareness of any allegations of harassment by Defendant Thompson.

24.      Please produce each document mentioning Defendant's efforts to prevent harassment against Plaintiff and/or by Defendant Thompson.

25.      Please produce any and all complaints from employees, staff members, or others about treatment they received or comments made to them by or actions perpetuated by Defendants, its employees, agents or representatives emanating from any facility in which Defendant Thompson ever worked within the last seven years?

26.      Please produce a copy of the complete personnel file of Defendant Thompson, including but not limited to, all evaluations of his work performance and any all complaints while in the employ of Defendants at any location.

27.      Please produce a copy of any and all statements made by Plaintiff including any verbal statements or written statements, including but not limited to, those signed or approved by Plaintiff, and any stenographic, mechanical, electrical, video statements or other type of recording or any transcription of Plaintiff, or any tweets, texts, photos or any other kind of electronic messages or posts allegedly attributable to Plaintiff.

28.      All documents you contend constitute admissions against interest by Plaintiff.

29.      Please produce any and all written or recorded statements obtained from any persons during any investigation or inquiry conducted into any allegations made by Plaintiff of misconduct, harassment, discrimination, and inappropriate or unappreciated behavior by the employees, agents, servants, or representatives of the Defendants.

30.      All written or recorded statements of witnesses regarding any of Plaintiff's claims against Defendants and/or Defendants hiring of Plaintiff.

31.      Please produce any electronically stored information received, sent or created by Defendant Thompson or Miller, or any manager or supervisor of Defendants Thompson or Miller regarding Plaintiff's complaint of alleged harassment.

32.      All documents that Defendant believes tend to substantiate the allegations asserted in the Petition.

33.      All documents that Defendant believes tend to refute the allegations asserted in the Petition.

3

34.     Any and all documents, including but not limited to, books, records, notes, photographs, writings, tapes, or recordings of any type, which refer to, relate to, support, or refute any affirmative defenses contained in your Answer.

35.     Any and all documents, including but not limited to, notes, diaries, logs, journals, recordings, or other records of any events or conversations, made by you, or anyone else, concerning any incident during the course of Plaintiff's employment which relates to, refers to, supports or contradicts any affirmative defenses contained in your Answer.

36.     Please produce copies of any and all administrative proceedings and/or investigations conducted by the Equal Employment Opportunity Commission and/or the Missouri Commission on Human Rights of Defendants, its employees, agents or representatives within the last seven years.

37.     Please produce a copy of any and all insurance policies and declaration pages of any insurance that is or might be available to cover losses of or indemnify Defendants, their employees, agents or representatives for allegations in Plaintiff's Petition.

38.     Please produce a copy of each and every document responsive to Plaintiff's First Set of Interrogatories to Defendants, where a document was requested.

39.     All documents submitted to any expert witness.

40.     All documents received from any expert witness.

41.     All documents Defendant may offer into evidence or use at trial in this case.

42.     All documents relating to training Defendants provided to Plaintiff.

43.     To the extent not already encompassed within any of the foregoing document requests, all documents that Defendants have provided to and/or received from third parties that refer or relate to Plaintiff's employment with Defendants, or that otherwise refer or relate to Plaintiff's allegations against Defendants.

LAW OFFICES OF GRETCHEN MYERS, P.C.

Gretchen Myers, MO Bar No. 32219
222 S. Central Ave., Suite 675
St. Louis, MO 63105
(314) 621-5454
(314) 621-2868 fax
**Attorney for Plaintiff**

### Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was served with a CD-Rom in Microsoft Word format with a copy of the Petition, this 20th day of February, 2015, to Legalinc Corporate Services, Inc., registered agent for Blast Fitness Group, LLC and Blast Fitness Group Personal Training, LLC, National Registered Agents, Inc., registered agent for Blast Fitness Acquisition, LLC and Blast Fitness Jefferson, LLC, John J. Mezzanotte, registered agent for World Fitness & Aerobics of West Hartford, Inc., Edgar Thompson and Annette Miller.

4

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

TERRY WALLER

                Plaintiff,

vs.

BLAST FITNESS GROUP, LLC
Serve:   Legalinc Corporate Services, Inc.
           Registered Agent
           945 Concord Street
           Framingham, MA 01701

and

BLAST FITNESS GROUP PERSONAL
TRAINING, LLC
Serve:    Legalinc Corporate Services, Inc.
           Registered Agent
           945 Concord Street
           Framingham, MA 01701

and

BLAST FITNESS ACQUISITION, LLC
Serve:   National Registered Agents, Inc.
           Registered Agent
           120 S. Central Ave.
           St. Louis, MO 63105

and

BLAST FITNESS JEFFERSON, LLC
Serve:   National Registered Agents, Inc.
           Registered Agent
           120 S. Central Ave.
           St. Louis, MO 63105

and

WOLD GYM FITNESS & AEROBICS OF
WEST HARTFORD, INC. f/k/a
WOW-WORK OUT WORLD, INC.
Serve:  John J. Mezzanotte
           Registered Agent
           350 Center Place
           Wallingford, CT 06419

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Cause No.

Division

JURY TRIAL DEMANDED

and                                              )

EDGAR A. THOMPSON II                             )
Serve:    Edgar A.  Thompson II                  )
          3232 Peachtree Road NW, #A             )
          Atlanta, GA 30305                      )
                                                 )
and                                              )
                                                 )
ANNETTE MILLER                                   )
Serve:    9681 Vickie Place                      )
          St. Louis, MO 63136                    )
                                                 )
               Defendants.                       )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

COMES NOW the Plaintiff, by and through undersigned counsel, propounds the following interrogatories to all Defendants, to be answered in writing under oath pursuant to the Missouri Rules of Civil Procedure:

1.      Please state the full name, address, telephone number, social security number, and position of each person answering these interrogatories, state whether said person will be the corporate representative for this Defendant, and specify by number those answers to which each such person supplied information.
     ANSWER:

2.      Please state the complete corporate identity of Defendant, including the dates of incorporation, state of incorporation, and whether Defendant is a corporation in good standing in the State of Missouri and doing business in Missouri.  Also list the addresses of all Missouri offices and/or property owned.
     ANSWER:

3.      State whether or not, this Defendant is being sued in its full and correct name.  If not, state the full and correct name of this Defendant.
     ANSWER:

4.      State whether you have an employee manual, personnel manual, and/or policy and procedure manual relating to employment, which was in effect at the time the Plaintiff was hired and if so, the title listed on the face of the document, when that employee manual, personnel manual, and/or policy and procedure manual relating to employment was prepared, the dates on which it was effective and whether each employee received a copy of said document, and if so, when.
     ANSWER:

5.      Do Defendants have any written policy regarding discrimination, harassment or retaliation? If so, please state:
        (a)     Is such policy maintained in writing?
        (b)     When was the policy created and/or updated?
        (c)     What are the general terms of said policy and if it is maintained in writing, please attach a copy of said policy to your answers to these interrogatories.
     ANSWER:

6.      Identify the name, address, phone number, occupation, and place of employment of all persons, including but not limited to employees, tenants, or any other person who may have knowledge of Plaintiff's

2

employment with Defendant whether positive, negative or indifferent, or are witnesses to the acts alleged in Plaintiff's Petition.

    (a)    State the subject matter and describe the facts known by each such person that you believe may tend to show the existence or nonexistence of the facts alleged within Plaintiff's Petition and/or Defendants' Answer, as well as the name and last known address and phone number of that person.

ANSWER:

7. Do Defendants have any written policy regarding age discrimination, harassment or retaliation? If so, please state:
    (a)    Is such policy maintained in writing?
    (b)    When was the policy created and/or updated?
    (c)    What are the general terms of said policy and if it is maintained in writing, please attach a copy of said policy to your answers to these interrogatories.

ANSWER:

8.    Please state whether or not Plaintiff was hired by this defendant and, if so, please state:
    (a)    The job title(s) of Plaintiff.
    (b)    The duties of Plaintiff in each position.
    (c)    How his services were charged.
    (d)    The history of compensation of Plaintiff for each position.
    (e)    His dates of employment.
    (f)    Who was in charge of hiring at the time.
    (g)    Who was in charge of firing at the time.
    (h)    Who had the ability to hire at the time.
    (i)    Who had the ability to fire at the time.
    (j)    Who was in charge of interviewing applicants at the time.
    (k)    Who interviewed Plaintiff.
    (l)    Who was his supervisor(s).
    (m)    What was his salary or wage rate.
    (n)    Whether or not this defendant deducted any social security, income tax, or any other deductions of any kind from the aforementioned employee's remuneration?
    (o)    Whether there are or were any written contracts, agreements of employment, or indemnification agreements for such services in existence.  If so, in whose custody are they at the present time?
    (p)    Was a W-2 form completed by this defendant for Plaintiff?
    (q)    List all benefits, in addition to Plaintiff's salary or wage, which Plaintiff received or was entitled to as a result of his employment, including but not limited to health, life, disability or accident insurance; vacation, sick or personal days; stock options; retirement packages, 401K or other retirement accounts; and any other employee benefit.

ANSWER:

9.    Do Defendants maintain any personnel or other records on Plaintiff? If so, please state:
    (a)    The name and address of each person who has in their possession any personnel or other records on Plaintiff.
    (b)    If you will do so without Request for Production, please attach copies of this material to your answers to these interrogatories.
    (c)    List the names under which these files are referenced or referred to by the company.

ANSWER:

10.     Please identify by name, last known residential address, and last known residential phone number of the person(s) who were consulted, provided information relating to, or otherwise involved in the decision to hire Plaintiff.
ANSWER:

11.     Please state whether there were ever any committees, groups, independent contractor hired or investigative bodies formed to analyze, investigate, or review the behaviors and/or performance of Defendants, or its employees, agents, or representatives, with regard to Plaintiff's allegations and if the answer is in the affirmative, please provide:
(a)     A list of the members of each such board, including their name and last known address and phone number.
(b)     The notes, minutes, transcripts or recordings of such group.
(c)     The president, leader, or head of each such group.
(d)     The reporting requirements of such group, i.e., whether such group took minutes of its meetings.
(e)     A description of the findings of such group.
ANSWER:

12.     Has any investigation been conducted into the relationship, interaction or conduct of Defendants, its employees, agents or representatives with Plaintiff, by any person at your company?
If so, please state:
(a)     The names and addresses of all persons making any such investigation.
(b)     What was the result of any such investigation?
(c)     Has a written report been prepared as a result of said investigation?
(d)     Have the individuals involved received a written or verbal reprimand as a result of any said investigation?  If so, what was it?
ANSWER:

13.     Within the last ten years, has the Equal Employment Opportunity Commission and/or the Missouri Commission on Human Rights ever conducted an investigation into any claim of harassment or discrimination by the Defendants, its employees, agents, or representatives?
If so, please state:
(a)     The day or dates upon which said investigation took place.
(b)     What action was taken as a result of that investigation?
(c)     The nature of the claim.
(d)     The style, date, parties and attorneys of any case filed arising out of such claim.
(e)     The outcome of such case.
ANSWER:

14.     Identify any and all individuals who participated in any investigation made by Defendant of Plaintiff's complaint of alleged harassment.
ANSWER:

15.     Identify all witnesses interviewed by Defendant as part of the investigation of Plaintiff's complaint of alleged harassment.
ANSWER:

16.     Have Defendants received complaints involving sexual allegations, harassment, quid pro quo, retaliation, or a hostile work environment within the last ten years from employees, staff members, or others about treatment they received or comments made to them by or actions perpetuated by Defendants, its employees, agents or representatives?
If so, please state:
(a)     The names, address and telephone number of each person who has made any complaint.

4

(b)     The nature of the complaint made by each person.

(c)     The date or dates upon which each event complained of occurred.

(d)     If said concern or complaint was in writing, please provide a true and complete copy of same.

(e)     What steps, if any, were taken by Defendants to address any complaint or concern made by such persons?

ANSWER:

17.     Within the last ten years, has any employee, agent, or representative of Defendants, ever been reprimanded by Defendants, for any activity, which has been considered sexually offensive by any fellow employee in any employment position held at the company? If so, please state:

(a)     Name, address, and phone number of each employee who reported activity which was considered offensive.

(b)     The type of activity that was considered offensive and the date upon which that activity occurred and any complaint was made.

(c)     The type of reprimand, if any, issued.

(d)     The names, addresses, and phone numbers of all individuals involved.

ANSWER:

18.     Does anyone from the Defendant's company have in their possession notes, writings, or copies of notes or copies of writings regarding any proceedings wherein Defendants' representatives, agents or employees met regarding complaints expressed with regard to the behavior of Defendants' employees, agents and/or representatives as it pertained to Plaintiff? If so, please state:

(a)     The name and address of the person who has said notes, writings or copies thereof in his custody.

(b)     If you will do so without a Request for Production, attach a copy of said writings or copies to your answer to these interrogatories.

ANSWER:

19.     Please state the names and addresses of any and all persons who have ever complained within the last ten years, regarding the conduct of Defendants, its employees, agents, and/or representatives. For each complaint, please state the following:

(a)     The date in which these complaints were made, the nature and substance of each complaint;

(b)     The names, including those of the individual(s) who made such complaint, and addresses of all persons about which such complaints were made;

(c)     Please state the action taken by Defendants, if any, in response to each of these complaints.

ANSWER:

20.     Within the last ten years, have Defendants ever been charged in any administrative proceeding before the Equal Employment Opportunities Commission or the Missouri Commission on Human Rights or any other like state commission by any person male or female, alleging that any employee committed acts of race and/or sex discrimination or harassment? If so, please state:

(a)     The address of the agency wherein such charges were filed, the name of the party, docket number of the charge, the date the charge was filed, and the name and address of the parties;

(b)     The disposition of said charges.

ANSWER:

5

21.    Identify, by case name, court, and docket number, each and every criminal proceeding, administrative proceeding (including but not limited to any application for Social Security disability benefits), bankruptcy proceeding, and civil suit in which Defendant has been involved, and state the current status or final disposition of the proceeding. Also, with respect to each judicial or administrative complaint or charge that Defendant has instituted against any organization or individual, and each judicial or administrative complaint to which Defendant has been a party, state the index, docket, complaint, charge, or other identification number or designation, and state the current status or final disposition of the proceeding.

ANSWER:

22.    State whether there exist photographs, videotapes, or movies with respect to any allegations mentioned in the petition. If so, state the following:

(a)    Describe each photograph, video, or movie;
(b)    State the date each was taken;
(c)    State the name and address of the person taking each such photo, video, or movie;
(d)    State the name, address, employer, insurer and job title of the person presently having control or custody of each photograph, video, or movie.

ANSWER:

23.    Please state whether any person, including any agent, representative, servant or employee, of Defendant has had any communication with Plaintiff regarding the matters alleged within his Petition. If so, please state:

(a)    The names and addresses of any person, agent, or employee who had any such conversation or communication;
(b)    Set forth the date upon which each of these conversations or communications took place;
(c)    Provide an outline of the content of each such conversation or communication.
(d)    Attach any written documentation or recording of this communication.

ANSWER:

24.    Are you aware of any statements made by plaintiff, whether oral, written, or recorded in any way, including, but not limited to, a stenographic, mechanical, electrical, audio, video, motion picture, photograph, text, Facebook, you tube or other recording, or transcription thereof, and, if so, state the following:

(a)    Date, place and time taken;
(b)    Name and addresses of all persons connected with taking it;
(c)    Names and addresses of all persons present at the time it was taken;
(d)    Whether the statement was oral, written, shorthand, recorded, taped, etc.;
(e)    Was it signed?
(f)    Names and addresses of the persons or organizations under whose direction and upon whose direction and upon whose behalf it was taken or made;
(g)    Please attach an exact copy of the original of the statement, interview, report, film, text or tape, etc. to your answers to these interrogatories; if oral, please state verbatim the contents thereof.

ANSWER:

25.    State the names and addresses of each person known by defendant, defendant's representatives or defendant's attorney to have witnessed the allegations mentioned in the petition.

ANSWER:

26.    State whether or not written or recorded statements have been obtained from any persons mentioned in the answers to Interrogatory Number 25 above with regard to the facts or circumstances surrounding the occurrence mentioned in these pleadings. If so, state the following:

(a)    The names, addresses and employers of those whose statements were obtained; and
(b)    Name, address, employer, and job title of the person presently having control or custody of each such statement.

<u>ANSWER:</u>

27.     Please state the name, current address and telephone number of each person under your employment, or who was employed by you at the time of these alleged incidents who may possess any facts, information or knowledge about any allegation of any count contained within Plaintiff's Petition. For each such person, specify the count or counts of Plaintiff's Petition about which such person has facts, information or knowledge, as well as that persons name, last known address and phone number, and their employment position at he time.

<u>ANSWER:</u>

28.     Identify every individual with personal knowledge of facts pertaining to the Plaintiff's employment with Blast Fitness and/or who may have discoverable knowledge, information, or data regarding this matter, and state the subject(s) of that knowledge, information, or data.

<u>ANSWER:</u>

29.     Identify every individual with personal knowledge of facts pertaining to the allegations in Plaintiff's Petition and/or who may have discoverable knowledge, information, or data regarding this matter, and state the subject(s) of that knowledge, information, or data.

<u>ANSWER:</u>

30.     Have you or anyone acting on your behalf given or taken any statement, report, memoranda, or declaration (including tape recordings) relating to the allegations in Plaintiff's Petition? If so, identify the statement(s) by date, circumstance, and persons from whom the statement or information was obtained.

<u>ANSWER:</u>

31.     Please identify by name, last known residential address, and last known residential phone number of the person(s) who witnessed any conversations between you and the Plaintiff.

<u>ANSWER:</u>

32.     Please provide the name, address, and telephone number for each person who you have reason to believe has or might have information or knowledge regarding any affirmative defenses raised in your Answer. As to each person identified, please identify the subjects of the information or knowledge you believe each individual possesses.

<u>ANSWER:</u>

33.     State whether or not any insurance company (including a company with excess or umbrella coverage) has an interest in the outcome of this litigation against Defendants. If so, state the following:
   (a)     Name of the insurance company;
   (b)     Whether the insurance company is a stock company or a mutual company;
   (c)     Name of the insured;
   (d)     Type of insurance;
   (e)     Effective policy;
   (f)     Policy number;
   (g)     Limits of the policy applicable to the occurrence mentioned in these pleadings;
   (h)     Whether the policy provides for medical payments coverage, and if so, the amount of the coverage.

<u>ANSWER:</u>

34.     List and identify:

   (a)     Each person defendants expect to call as an expert witness at the trial, stating for each such expert:

(i)     Name;
(ii)    Address;
(iii)   Occupation;
(iv)    Place of Employment;
(v)     Qualifications to give an opinion (if such information is available on an expert's curriculum vitae you may attach a copy thereof in lieu of answering this interrogatory subpart).

(b)     With respect to each expert listed, please state matter on which the expert is expected to testify and the expert's hourly deposition fee.

(c)     Identify each non-retained expert witness, including a party, who the defendant expects to call at trial who may provide expert witness opinion testimony by providing the expert's name, address and field of expertise. State also any opinions the expert will testify to at trial.

ANSWER:

35.     State whether Defendants have been convicted of any crimes during the last 10 years, and with respect to each, state: (a) the date or approximate date of the conviction(s); (b) the crime(s) for which Defendants were convicted; and (c) the case number(s), court name(s) and address of the court(s) in which Defendants were convicted.

ANSWER:

36.     If you contend that any part of Plaintiff's First Request for Production of Documents to Defendants calls for a document that is privileged in whole or in part, or contend that any document is protected from the discovery process, regardless of its relevance, state with specificity the reason for each such contention, objection, or ground for exclusion and identify the following: author, addressee, date, subject matter, number of pages, attachments or appendices, and the present custodian of each document.

ANSWER:

LAW OFFICES OF GRETCHEN MYERS, P.C.

Gretchen Myers, MO Bar No. 32219
222 S. Central Ave., Suite 675
St. Louis, MO 63105
(314) 621-5454
(314) 621-2868 fax
**Attorney for Plaintiff**

Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was served with a CD-Rom in Microsoft Word format and a copy of the Petition, this 20th day of February, 2015, to Legalinc Corporate Services, Inc., registered agent for Blast Fitness Group, LLC and Blast Fitness Group Personal Training, LLC, National Registered Agents, Inc., registered agent for Blast Fitness Acquisition, LLC and Blast Fitness Jefferson, LLC, John J. Mezzanotte, registered agent for World Fitness & Aerobics of West Hartford, Inc., Edgar Thompson and Annette Miller.

8

STATE OF _____ )

COUNTY OF _____ ) SS

I, _____, being first duly sworn upon my oath, depose and state that I have read the foregoing answers to Interrogatories and that they are true and correct to the best of my knowledge, information, and belief.

_____

Subscribed and sworn to before me this ___ day of _____, 2015.

My Commission Expires:

_____

_____
Notary Public

9