**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRY WALLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CV 586 DDN |
| | ) | |
| BLAST FITNESS GROUP LLC, | ) | |
| BLAST FITNESS GROUP PERSONAL | ) | |
| TRAINING LLC, BLAST FITNESS | ) | |
| ACQUISITION LLC, BLAST FITNESS | ) | |
| JEFFERSON LLC, EDGAR A. | ) | |
| THOMPSON II, and ANNETTE MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**
**TRANSFERRING CASE TO DISTRICT JUDGE**

Before the court are the motions of (a) certain defendants to dismiss (Doc. 11); (b) plaintiff to remand the action to the Missouri circuit court; and (c) counsel for certain of the defendants for leave to withdraw from representing them. (Docs 34, 35.) A hearing was held on (c) on August 21, 2015.

This action was commenced on February 20, 2015 in the Circuit Court of St. Louis County, Missouri, against the above-styled defendants, plus corporate defendant World Gym Fitness & Aerobics of West Hartford, Inc. (Doc. 3.) Plaintiff alleges she was sexually harassed by defendants' Regional Manager Edgar Thompson when she applied for work with the corporate defendants in St. Louis County.

The action was removed to this court on April 6, 2015, upon the invocation of diversity of citizenship subject matter jurisdiction. (Doc. 1.) On April 17, 2015, attorneys Jessica L. Liss, Esq., and Carrie Kinsella, Esq., of the Jackson Lewis PC law firm, filed an answer for defendants Blast Fitness Group LLC and Blast Fitness Acquisition LLC. (Doc. 8.) Also on April 17, 2015, the same two attorneys filed a

motion on behalf of defendants Blast Fitness Jefferson LLC and Annette Miller for an extension of time to respond to plaintiff's complaint. (Doc. 9.) The court granted this motion and gave these defendants until May 1, 2015 to answer the complaint. (Doc. 10.)

On April 30, 2015, plaintiff voluntarily dismissed defendant World Gym Fitness & Aerobics of West Hartford, Inc. (Doc. 13.)

On June 19, 2015, summons was returned as executed on the remaining defendant, Edgar A. Thompson II; the Proof of Service indicates that defendant Thompson was served with process personally in Texas on June 18, 2015. Defendant Thompson was given 21 days thereafter to respond to the complaint. (Doc. 31.) Defendant Thompson has not yet responded to the complaint.

On August 10, 2015, the two defense counsel filed their motions for leave to withdraw from representing defendants Blast Fitness Group LLC, Blast Fitness Acquisition LLC, Blast Fitness Group Personal Training, LLC, and Blast Fitness Jefferson LLC. The reason given for the motions is "that the corporate defendants no longer wish for Jackson Lewis PC to make any further response to the action commenced by Plaintiff." No mention is made of any replacement counsel entering an appearance for these defendants. (Docs. 34, 35.) Granting these motions would leave these attorneys in the case with only one defendant, individual Annette Miller, and it would leave the corporate defendants in the case without counsel, thereby rendering them without a voice (a legal representative) in these proceedings. See Amteco, Inc. v. BWAY Corp., 241 F. Supp. 2d 1028, 1029 (E.D. Mo. 2003) ("Corporations must be represented by counsel in federal court, and cannot appear through non-lawyer agents."); see also Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996) (citing 28 U.S.C. § 1654) and United States v. Van Stelton, 988 F.2d 70 (8th Cir. 1993).

The matter is before the undersigned Magistrate Judge under 28 U.S.C. § 636(b). See April 7, 2015 referral of action of undersigned Magistrate Judge filed by the Clerk of Court pursuant to E.D. Mo. L.R. 2.08. While individual defendant Edgar A. Thompson II has been served with process in this action, he has not entered in the case and has not

consented to the exercise of plenary authority by the undersigned Magistrate Judge under 28 U.S.C. § 636(c).

Because the pending motions of corporate defense counsel for leave to withdraw from representing the corporate defendants are very important to the progress of this action, and because the pending motions of defendants to dismiss and of the plaintiff for remand to the state court are dispositive matters not within in the authority of the undersigned to rule,

**IT IS HEREBY ORDERED** that the Clerk of the Court reassign this action to a District Judge by the random selection process.

      /S/   David D. Noce          
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 21, 2015.