UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY WALLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLAST FITNESS GROUP, LLC, et al., )<br>)<br>Defendants. ) | Case No. 4:15CV00586 AGF |

## MEMORANDUM AND ORDER

This employment discrimination matter is before the Court on Plaintiff Terry Waller's motion to remand the case to state court, and the motion of Defendants Blast Fitness Jefferson, LLC, and Annette Miller to dismiss to complaint as to them for failure to state a claim. For the reasons set forth below, the motion to remand shall be denied, and the motion to dismiss shall be granted.

## BACKGROUND

On February 20, 2015, Plaintiff filed a three-count petition in Missouri state court asserting state law claims against five corporate Defendants (Blast Fitness Group, LLC ("BFG"); Blast Fitness Group Personal Training, LLC; Blast Fitness Acquisition, LLC; Blast Fitness Jefferson, LLC; and World Gym Fitness & Aerobics of West Hartford, Inc. ("World Gym") and two individual Defendants (Edgar Thompson and Annette Miller). Plaintiff's petition asserted that "Blast Fitness Group owns and operates health club facilities under the trade name Blast Fitness . . . ." and that the five corporate Defendants "were doing business jointly and in concert with each other as 'Blast Fitness,' which is a

health club located [on Dorsett Road, Maryland Heights, Missouri, where the] unlawful employment acts took place." (Doc. No. 3 at ¶¶ 6, 11.) Miller is the general manager of the Dorsett facility, and Thompson was the regional manager of a region that included that facility.

Plaintiff alleges the following, which the Court accepts as true in for the purposes of both motions under consideration: On February 10 or 11, 2013, he signed a gym membership with "Defendants" at their health club on Dorsett Road, and was asked by Miller, the general manager of the facility, if he still wanted a job pursuant to his employment application completed in 2012. Plaintiff interviewed for the position on February 12, 2013, and was offered the job "on the spot" by Thompson. The next day, Thompson called Plaintiff and told him to "bring his paperwork in," which Plaintiff did "immediately." On February 21, 2015, after not hearing about his "start date," Plaintiff texted Thompson to try to get a start date for his employment with "Defendants." Thompson asked him some sexually explicit questions and when Plaintiff told Thompson he needed a job, Thompson alluded, and then explicitly told Plaintiff that he would get the job only in return for sexual favors. Plaintiff did not accede, but rather on February 27, 2013, filed a charge of sexual harassment and retaliation with the Missouri Human Rights Commission and the Equal Employment Opportunity Commission.

Plaintiff listed the discriminating employer as "Blast Fitness" on Dorsett Road. (Doc. No. 11-2.) The only involvement of Miller noted in the charge of discrimination is that she copied Plaintiff's paperwork that he brought in to the Dorsett Road gym on February 14, 2013. Upon receipt of a right-to-sue letter, Plaintiff filed the present action

claiming in Count I, sexual harassment in violation of the Missouri Human Right Act ("MHRA"). He alleges that all Defendants "failed to prevent and/or stop the sexual harassment of Plaintiff." In Count II Plaintiff asserts a hostile work environment claim under the MHRA against all Defendants, and in Count III, he asserts a claim for negligent infliction of emotional distress, against Thompson only.

Plaintiff is a resident of Missouri. Blast Fitness Group Personal Training, LLC; and Blast Fitness Acquisition, LLC, are wholly owned by BFG, none of whose members are citizens of Missouri. Thompson is a Georgia resident. Miller and Blast Fitness Jefferson, LLC, are citizens of Missouri.

On April 6, 2015, Blast Fitness Group, LLC, and Blast Fitness Acquisition, LLC, removed the case to this Court based on diversity jurisdiction. They stated in the Notice of Removal that the only proceedings that occurred in the case to the date of removal were service of the petition on March 9, 2015, on Blast Fitness Acquisition, LLC, and Blast Fitness Jefferson, LLC; service of the petition on Miller on March 12, 2015; and service of the petition on World Gym on March 14, 2015. The removing Defendants argued that the two Missouri Defendants – Miller and Blast Fitness Jefferson, LLC, – were not proper parties and therefore are not considered for purposes of diversity, under the doctrine of fraudulent joinder. According to the removing Defendants, Blast Fitness Jefferson, LLC, "is not the fitness club at issue in Plaintiff's charge of discrimination or in the Petition. Rather, this is simply another fitness club also owned by Blast Fitness Group, LLC in Missouri;" and "[b]ased upon Plaintiff's allegations in the petition, Annette Miller did not have any involvement in the alleged harassing conduct at issue."

The removing Defendants noted that the two Missouri Defendants were not named in the administrative charge.

On April 30, 2015, Miller and Blast Fitness Jefferson, LLC, jointly moved for dismissal of the complaint as to them for failure to state a claim. On the same day, Plaintiff voluntarily dismissed World Gym (without prejudice). On May 5, 2015, Plaintiff moved to remand the case to state court, arguing that Miller and Blast Fitness Jefferson, LLC, were not fraudulently joined, and thus there is not complete diversity. Plaintiff asserts that the failure to name Miller in the administrative charge does not preclude his claim against her because she had actual notice of the charge and an opportunity to participate in the proceedings. Plaintiff submits Miller's affidavit dated June 3, 2013, that was part of the Missouri Human Rights Commission's record in investigating Plaintiff's charge. Miller attests that "[A]t no time did [Plaintiff] tell [her that] Thompson had said or done anything inappropriate." (Doc. No. 16-6.)

With respect to a possible claim against the other Missouri citizen, Blast Fitness Jefferson, LLC, Plaintiff argues as follows:

> As Regional Manager of Blast Fitness, he was the supervisory employee of Blast Fitness over both Blast Fitness Dorsett Location and Blast Fitness Jefferson, LLC. As such, he had the power and authority to put the Plaintiff in either working environment, or both. It is alleged that Defendant Thompson would not start Plaintiff's employment or work schedule with any of the Defendants, including Blast Fitness Jefferson, LLC, until the quid pro quo sexual favors were completed.

(Doc. No. 16 at 8.)

On October 5, 2015, while the motion to dismiss and the motion to remand were pending, the Clerk of Court entered default against Thompson and the four remaining corporate Defendants.[1]

## DISCUSSION

A defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. For federal diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between the defendants and plaintiffs. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). In addition, actions where jurisdiction is predicated solely on diversity are removable only if none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Byrd v. TVI, Inc.*, No. 4:15 CV 1439 CDP, 2015 WL 5568454, at *1 (E.D. Mo. Sept. 21, 2015).

The doctrine of fraudulent joinder is an exception to the complete diversity rule. Under this doctrine, a defendant's right to remove an action based on diversity jurisdiction cannot be defeated by the fraudulent joinder of a non-diverse or resident

---

[1] The four corporate Defendants were deemed in default after counsel who was representing them withdrew, and no new counsel entered an appearance on their behalf.

defendant. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) ("A plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy.") Joinder of a defendant is fraudulent where "no reasonable basis in law or fact" exists to support claims asserted against that defendant; in such a situation, dismissal of the defendant is proper. *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014) (citation omitted). Defendant, as the removing party alleging fraudulent joinder bears the burden of proving the alleged fraud. *See Orrick v. Smithkline Beecham Corp.*, No. 4:13CV2149 SNLJ, 2014 WL 3956547, at *3 (E.D. Mo. Aug. 13, 2014); *Manning v. Wal–Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004).

In determining whether a defendant was fraudulently joined, the district court must decide "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003). This question turns on whether the plaintiff might have a "colorable" claim against the resident defendant. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010). If not, the joinder is fraudulent. *Id*. This reasonableness standard requires "the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson*, 634 F.3d at 980; *see also Sikeston Outlet Mall, LLC v. CB Richard Ellis, Inc.*, No. 4:10-CV-1419 DDN, 2010 WL 4386810, at *1 (E.D. Mo. Oct. 29, 2010) (same).

Further, in making a prediction as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in

the current controlling substantive law in the plaintiff's favor," and should not "step from the threshold jurisdictional issue into a decision on the merits." *Hudgins v. First Student, Inc.*, 853 F. Supp. 2d 883, 886 (E.D. Mo. 2012) (citation omitted). Thus, here, for Plaintiff to survive Defendants' fraudulent joinder challenge, there must be "a reasonable basis for believing Missouri might impose liability against" Blast Fitness Jefferson, LLC, or Miller under the MHRA or state tort law. *See Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007).

The MHRA makes it an unlawful employment practice to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's . . . sex . . . ." Mo. Rev. Stat. § 213.055.1. The MHRA applies to the corporate employer and any person acting in the employer's interest, including supervisors. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009). However, such liability only applies to supervisors where they "directly oversaw or were actively involved in the discriminatory conduct." *Reed v. McDonald's Corp.*, 363 S.W.3d 134, 139 (Mo. Ct. App. 2012) (citations omitted).

Plaintiff is correct that the failure to name an entity or supervisor in the administrative discrimination charge does not necessarily bar suit under the MHRA against such parties when there is there is "a substantial identity of interest between the parties sued and those charged." *Hill*, 277 S.W. 3d at 669. Federal removal courts will often leave this determination to the state court. *See, e.g., Walters v. Sensient Colors, LLC*, No. 4:14CV1241 HEA, 2015 WL 667986, at *3 (E.D. Mo. Feb. 17, 2015); *Tate v. Family Dollar Stores of Mo., Inc.*, No. 4:14CV1534 RLW, 2014 WL 7345156, *4 (E.D.

- 7 -

Mo. Dec. 23, 2014); *Parker v. Pinnacle Entertainment, Inc.*, No. 4:14CV791 RWS, 2014 WL 3827232, *2 E.D. Mo. Aug. 4, 2014).

Here, however, there is no reasonable basis in law or fact for including Blast Fitness Jefferson, LLC, as a Defendant in this litigation. Put another way, the complaint is devoid of facts that state a "colorable" claim against this party. The fact that Thompson could have hired Plaintiff to work at the Fitness Jefferson, LLC, facility does not suffice for Plaintiff to join this party as a Defendant in this action.

The Court also concludes that the complaint falls short of stating a colorable claim against Miller. The only actions she allegedly took were asking Plaintiff on February 10 or 11, 2013, if he wanted a job, and copying his paper work for the job when he brought it in. There is no allegation or hint that she knew about the alleged *quid pro quo* sexual harassment by Thompson, or that she was in any way involved in it. For similar reasons, Plaintiff has not shown that he has a colorable claim these Missouri Defendants for intentional infliction of emotional distress.

In sum the Court concludes that Defendants have met their burden of showing that Blast Jefferson, LLC, and Miller were fraudulently joined in this action, and further that the complaint fails to state a claim against them. Thus Plaintiff's motion to remand will be denied, and these Defendants will be dismissed.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED**. (Doc. No. 16.)

**IT IS FURTHER ORDERED** that the motion of Defendants Annette Miller and Blast Fitness Jefferson, LLC, to dismiss the complaint against them for failure to state a claim is **GRANTED**. (Doc. No. 11.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2015.