UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY WALLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15CV00586 AGF |
| | ) |
| BLAST FITNESS GROUP, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on Plaintiff's motion for default judgment against Defendants Blast Fitness Group, LLC; Blast Fitness Group Personal Training, LLC; Blast Fitness Acquisition, LLC; and Edgar Thompson, on his claims for sexual harassment and hostile work environment in violation of the Missouri Human Right Act ("MHRA"). For the reasons set forth below, Plaintiff's motion will be granted in part and denied in part.

## BACKGROUND

Plaintiff alleged in his complaint that "Blast Fitness Group owns and operates health club facilities under the trade name Blast Fitness" and that the corporate Defendants "were doing business jointly and in concert with each other as 'Blast Fitness,' which is a health club located [on Dorsett Road, Maryland Heights, Missouri, where the] unlawful employment acts took place." (Doc. No. 3 at ¶¶ 6, 11.) Thompson was the regional manager of a region that included that facility.

Plaintiff alleges the following in his complaint, which the Court accepts as true for the purposes of the motion under consideration: On February 10 or 11, 2013, he signed a gym membership with "Defendants" at their health club on Dorsett Road, and was asked by the general manager of the facility, if he still wanted a job pursuant to an employment application he had completed in 2012. Plaintiff interviewed for the position on February 12, 2013, and was offered the job "on the spot" by Thompson. The next day, Thompson called Plaintiff and told him to "bring his paperwork in," which Plaintiff did "immediately." On February 21, 2013, after not hearing about his start date, Plaintiff texted Thompson to try to get a start date for his employment with "Defendants." Thompson asked him some sexually explicit questions and when Plaintiff told Thompson he needed a job, Thompson told Plaintiff that he would get the job only in return for sexual favors.

Plaintiff did not accede, but rather on February 27, 2013, filed a charge of sexual harassment and retaliation with the Missouri Human Rights Commission and the Equal Employment Opportunity Commission. Plaintiff listed the discriminating employer as "Blast Fitness" on Dorsett Road. (Doc. No. 11-2.) Upon receipt of a right-to-sue letter, Plaintiff filed the present action claiming in Count I, sexual harassment in violation of the Missouri Human Right Act ("MHRA"). He alleges that all Defendants "failed to prevent and/or stop the sexual harassment of Plaintiff." In Count II Plaintiff asserts a hostile work

environment claim under the MHRA against all Defendants. On October 5, 2015, the Clerk of Court entered default against the four Defendants named above.[1]

Plaintiff now seeks default judgment against the defaulted Defendants in the amount of $1,000,000 in actual damages and $1,500,000 in punitive damages. He has submitted a "Wage Loss Calculation" showing alleged lost wages of $24, 268.97 from February 16, 2013, to the date of the filing of the motion for default judgment, due to his intermittent employment during that period. The calculation is based on Plaintiff's presumed earnings during this period had he been hired by Defendants at $8.75/hour for 40 hours a week.

## **DISCUSSION**

Where default has been entered, the allegations of the complaint are taken as true, except as to the amount of damages, and "the defendant has no further standing to contest the merits of the plaintiff's right to recover." *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). It then "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

Here, taking Plaintiff's allegations in his complaint as true, except for those allegations as to the amount of damages, the Court concludes that Plaintiff is entitled to default judgment against the defaulted Defendants on the claim of quid pro quo sexual harassment in his failure to be hired. *See Fuchs v. Dep't of Revenue,* 447 S.W.3d 727, 731-32 (Mo. Ct. App. 2014) (stating that under the MHRA a claim of quid pro quo

---

1     Other claims and parties are no longer part of the case.

discriminatory harassment involves an adverse employment action that is carried out); *Cross v. Cleaver*, 142 F.3d 1059, 1073 (8th Cir. 1998) (explaining that under Title VII and the MHRA when a supervisor requires sexual favors as a quid pro quo for job benefits, the supervisor, by definition, acts as the company subjecting the company to liability). Because Plaintiff was never hired, a hostile work environment claim separate from the quid pro quo claim fails.

"Once the entry of a default establishes the fact of damage, the trial judge . . . has considerable latitude in determining the amount of damages." *Stavenger v. Jay Ryan Enters., Inc.*, No. CIV. 07-3514 ADMRLE, 2008 WL 906794, at *1 (D. Minn. Apr. 3, 2008) (quoting *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993)). The need for an evidentiary hearing on damages on a default judgment is also within the sound discretion of the district court. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

Here Plaintiff's evidence showing that he suffered actual damages in the amount of $1,000,000 due to Defendants' failure to hire him is clearly deficient. Upon review of the record, the Court concludes that an evidentiary hearing on the issue of damages must be held.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment against Defendants is **GRANTED** on the issue of liability. (Doc. No. 48.)

discriminatory harassment involves an adverse employment action that is carried out); *Cross v. Cleaver*, 142 F.3d 1059, 1073 (8th Cir. 1998) (explaining that under Title VII and the MHRA when a supervisor requires sexual favors as a quid pro quo for job benefits, the supervisor, by definition, acts as the company subjecting the company to liability). Because Plaintiff was never hired, a hostile work environment claim separate from the quid pro quo claim fails.

"Once the entry of a default establishes the fact of damage, the trial judge . . . has considerable latitude in determining the amount of damages." *Stavenger v. Jay Ryan Enters., Inc.*, No. CIV. 07-3514 ADMRLE, 2008 WL 906794, at *1 (D. Minn. Apr. 3, 2008) (quoting *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993)). The need for an evidentiary hearing on damages on a default judgment is also within the sound discretion of the district court. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

Here Plaintiff's evidence showing that he suffered actual damages in the amount of $1,000,000 due to Defendants' failure to hire him is clearly deficient. Upon review of the record, the Court concludes that an evidentiary hearing on the issue of damages must be held.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment against Defendants is **GRANTED** on the issue of liability. (Doc. No. 48.)

**IT IS FURTHER ORDERED** that a hearing on the issue of damages is set for **Thursday, June 30, 2016, at 3:00 p.m.**, in courtroom 12S.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order to Defendants, at the address reflected in the file.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2016.